

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*86 Chambers Street*
*New York, New York 10007*

October 5, 2020

**BY ECF**

The Honorable P. Kevin Castel
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

**MEMORANDUM ENDORSEMENT**

      Re:    *Immigrant Defense Project v. ICE*, 19 Civ. 2520 (PKC)

Dear Judge Castel:

      I write respectfully on behalf of the parties in the above-captioned matter brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. The parties respectfully request a two-month adjournment of the initial pretrial conference currently scheduled in this action for October 13, 2020, at 12:30 pm and to be excused from the entry of a Case Management Plan in this FOIA action, which the parties agree will not involve discovery. *See Grand Central Partnership v. Cuomo*, 166 F.3d 473, 488-89 (2d Cir. 1999). The parties consent to proceed before a Magistrate Judge and propose to file a joint status letter by December 2, 2020, updating the Court on their progress. This is the parties' first request for adjournment.[1]

      In the alternative, defendant Immigration and Customs Enforcement ("ICE") requests a brief adjournment of the upcoming initial pretrial conference to October 14, 15, or 16 because the undersigned government counsel is currently scheduled to appear before the United States Court of Appeals for the Second Circuit for oral argument on October 13, 2020. Counsel for plaintiff consents to this alternative request; this would be the Government's first request for adjournment.

      This action arises from a March 5, 2018, FOIA request plaintiff Immigrant Defense Project submitted to ICE, seeking documents related to civil immigration arrests near courthouses. *See* Complaint, Dkt. No. 1, Ex. A. On March 21, 2019, plaintiff filed its complaint initiating the present action and asserting claims under the FOIA. *See id*. On May 23, 2019, ICE filed its Answer, asserting, *inter alia*, that some responsive records were exempted from production. *See* Answer, Dkt. No. 9. On May 29, 2019, ICE made its first production of records responsive to plaintiffs' request. On December 6, 2019, ICE made its most recent production of

---

[1] The parties also submit this joint letter pursuant to Paragraph 2 of the Court's October 1, 2020 Order scheduling the initial pretrial conference. *See* Dkt. No. 10. The parties intend to email a proposed Case Management Plan reflecting this letter to the Court today, pursuant to Paragraphs 3 and 6 of the Court's October 1, 2020 Order. *See id.*

The Honorable P. Kevin Castel
October 5, 2020
Page 2

records responsive to plaintiffs' request. After ICE completed its productions, the parties conferred over whether any outstanding issues remained in the case. In light of the COVID-19 pandemic, plaintiff requested additional time to review ICE's productions. Plaintiff requests some further additional time to complete its review and to report to counsel for the Government whether plaintiff believes any outstanding issues remain in this case. If plaintiff believes any issues remain, the parties intend to confer on whether they can be resolved without Court intervention, or whether motion practice will be necessary.

In the event the parties determine that the case cannot be resolved without Court intervention, they anticipate that the parties would file cross-motions for summary judgment, as is typical in FOIA actions. *See, e.g.*, *Bloomberg L.P. v. Bd. of Governors of Fed. Reserve Sys.*, 649 F. Supp. 2d 262, 271 (S.D.N.Y. 2009) ("Summary judgment is the preferred procedural vehicle for resolving FOIA disputes.").

The parties believe, however, that a resolution of this case without Court intervention is possible, and even likely. The parties are not presently aware of issues requiring further litigation.

For the foregoing reasons, that parties request that the initial pretrial conference be adjourned for two months and propose that, on or before December 2, 2020, the parties submit a status letter to the Court, updating the Court on their progress. In the alternative, ICE requests an adjournment of the conference to October 14, 15, or 16 because of the undersigned's October 13, 2020, oral argument before the Second Circuit.

The parties thank the Court for its consideration of this submission.

                                        Respectfully,

                                        AUDREY STRAUSS
                                        Acting United States Attorney

                                By: /s/ *Steven J. Kochevar*
                                        STEVEN J. KOCHEVAR
                                        Assistant United States Attorney
                                        Telephone: (212) 637-2715
                                        Fax: (212) 637-2717
                                        Email: steven.kochevar@usdoj.gov

cc:   By ECF
      *Counsel for Plaintiff*

**The initial pretrial conference is adjourned sine die. The parties shall file a status letter to the Court on or before December 2, 2020. If the parties agree in that letter that the initial conference should be continue to be adjourned, the parties shall file a status letter to the Court every three months thereafter. The parties may request a conference or briefing schedule at any time in the interim.**

**So Ordered.**

GABRIEL W. GORENSTEIN
United States Magistrate Judge
**October 14 2020**